UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:
PATH MEDICAL LLC,                                        Case No. 21-18338-SMG
PATH MEDICAL CENTER HOLDINGS, INC.                       Case No. 21-18339-SMG
                                                         Jointly Administered

      Debtors.                                          Chapter 11
_____/

PATH MEDICAL, LLC,
(*a/a/o DeVecchi, Luana*),

      Plaintiff,

v.                                                       Adversary No. 21-ap-1304

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

**PATH MEDICAL, LLC'S REPLY TO DEFENDANT'S OPPOSITION TO
MOTION FOR REMAND AND/OR ABSTENTION**

Path Medical, LLC ("Path Medical"), debtor and debtor-in-possession in the above-captioned bankruptcy case No. 21-18338-SMG (the "Bankruptcy Case"), replies to *State Farm's Response in Opposition to Path Medical, LLC's Motion for Remand and/or Abstention* [Doc. 10] (the "Opposition" or "Opp.") as follows:

**LR 5005-1(F)(2) STATEMENT**

*The Court did not enter a briefing order in connection with the Notice of Removal [Doc. 1] or with Path Medical's Motion for Remand and/or Abstention [Docs. 6, 8] that was filed on October 5 and 6, 2021. The Local Bankruptcy Rules do not expressly prohibit the filing of a reply memorandum in motion practice. State Farm filed its 26 page Opposition with citation to 36 court cases on the afternoon of October 27, 2021. The hearing on the Remand/Abstention Motion is set for November 2, 2021 at 10:00 a.m. As explained below, the removal itself is suspect and the Opposition asserts confusing and questionable legal arguments that justify the need to reply to them. There was simply an insufficient amount of time to review, research, communicate with co-counsel and client and then draft a written reply to the Opposition by 4:30*

*p.m. Friday, October 29, 2021. Path Medical could have simply chosen not to file a written reply but still be able to argue orally the substance of a reply at the hearing. The filing of this Reply actually provides State Farm (and the Court) with an advance preview of Path Medical's response to the Opposition.*

## INTRODUCTION

1. Because it knows neither the law nor the facts support removal under 28 U.S.C. § 1452, State Farm Mutual Automobile Insurance Company and/or State Farm Fire and Casualty Company's ("State Farm") entire argument in opposition to remand of a Florida county court PIP benefits recovery lawsuit at issue, or the other similarly situated collection cases (the "PIP Suits")[1] is essentially to complain that this multibillion dollar company does not think it will get a fair shake from the state court judges assigned to adjudicate the PIP Suits (which it defends by the tens-of-thousands in Florida alone each year) and that it is more efficient to employ a two-tiered federal court system (Bankruptcy Court and District Court), requiring extra bankruptcy lawyers to litigate small claims collection cases. The entire structure of State Farm's Opposition is telling. It is an attempt to employ misdirection and conflation as litigation tactics. In another bold move, State Farm tries to sneak in what is clearly a request to this Court for an injunction to prevent Path Medical from prosecuting legitimately filed state law legal actions,[2] without complying with required legal protocols.

2. State Farm does not start arguing the only relevant legal test for remand until page 15 of its response. Instead, State Farm spends more than the first half of the Opposition repeating the tired allegations from a lawsuit <u>that is not the subject of the removal</u> that Path Medical is

---

[1] The PIP Suits consist of 35 separate state court personal injury protection ("PIP") benefits lawsuits filed by Path Medical against State Farm, arising from State Farm's improper failures to pay PIP benefits under its policies, which State Farm has improperly removed to this Court through filing 35 removal notices (the "Removal Notices"). Path Medical has filed 35 corresponding abstention/remand motions (collectively, the "Motion"), and State Farm has filed 35 oppositions to abstention/remand in response (collectively, the "Opposition").

[2] State Farm has not filed or prevailed on any motion to dismiss the PIP Suits.

engaged in fraudulent conduct[3] and then asserting that: "The PIP Suits do Not Need to be Adjudicated One-by-One." Simply put, aside from being incorrect, this argument does not provide any legal basis to oppose remand under the law. State Farm's position is wrong, irrelevant, and legally improper in the context of the present Motion and the narrow legal questions before this Court. Furthermore, this Court should be very leery of State Farm's legal positions, because, for example, it first plays down the importance of Path Medical's right to a jury trial in the PIP Suits and then boldly misrepresents the holding of a Judge Isicoff decision on a debtor's waiver of that right.

3. <u>State Farm's argument is wrong</u> because, contrary to its contention (Opp. ¶ 34), State Farm has the right to raise in the county court whatever defenses it wants in response to the PIP Suits. Nothing in the law prevents State Farm from raising its false conspiracy theories as an affirmative defense in the state court actions. Nor does anything prevent State Farm from seeking, in the county courts, a stay of the PIP Suits pending resolution of its stayed federal court action involving Path Medical and numerous other parties (the "<u>Middle District Action</u>").[4]

4. <u>State Farm's argument is irrelevant</u> because the only questions before this Court are (1) whether it has subject matter jurisdiction (it does not), and if it does, (2) whether it is required to abstain (it is), or (3) should abstain (it should). *First*, State Farm's contentions of "related to" jurisdiction are contrary to the law and misconstrue the nature of the PIP Suits and how they are adjudicated in county courts.

---

[3] It appears State Farm ascribes to the litigation tactic that if you repeat an unproven allegation enough times it somehow becomes a fact.

[4] In fact, that is what State Farm did (*see* Miami-Dade County Case No. 2021 003921-CC-23, Filing # 129557884, E-Filed 06/25/2021 (State Farm's Motion to Stay)), but on the eve of the 9/22/2021 hearing on its fully-briefed motion that had been specially set for months, facing the risk of an adverse decision, State Farm removed that county case here in instead. This was a blatant act of forum shopping, as discussed below. *See* Section III.

5.      *Second*, State Farm concedes that this Court has "no independent basis for jurisdiction," that the PIP Suits are "non-core," and that the PIP Suits were commenced by Path Medical in state court.  Opp. ¶¶ 42, 44.  The only argument that State Farm raises against mandatory abstention is to incorrectly claim that the cases will not be adjudicated timely in state court.  *Id.* ¶ 44.  Yet "timely adjudicated" does not mean "quicker" or "faster" under remand law.  The Florida county courts have exclusive jurisdiction and timely adjudicate PIP claims every day.  PIP Suits comprise a material portion of county court dockets.  In fact, the Florida Motor Vehicle No-Fault Law and Florida's statutory scheme establishing and operating its county court system, including small claims cases,[5] were and are designed for the prompt adjudication of PIP Suits.  Moreover, "timely adjudication" is largely irrelevant in a bankruptcy proceeding that does not seek to reorganize the debtor's business as a going concern.  This chapter 11 case is akin to an orderly liquidation through a sale process designed to render the highest return for its assets, with a court-approved investment banker actively engaged in marketing the business under a schedule that is expected to be completed in first quarter of 2022.  *See* Bankruptcy Case, Doc. 176 (Order Granting Debtors' Application for Entry of an Order Authorizing the Retention and Employment of SSG Capital Advisors, LLC as Investment Banker).  A Notice of Status of the Sale Process will be filed in the Bankruptcy Case in advance of Tuesday's hearing.  Thus, the role of this Court in the adjudication of Path Medical's account receivables claims is not fundamental to the success of the chapter 11 process, nor does that process have a material impact on the administration of this case.

6.      *Third*, notwithstanding State Farm's denials, the Court should grant permissive abstention and equitable remand because State Farm is engaged in improper forum shopping and

---

[5] *See* Fla. Sm. Cl. R. Rule 7.010 ("These rules shall be cited as Florida Small Claims Rules and may be abbreviated 'Fla. Sm. Cl. R.'  These rules shall be construed to implement the simple, speedy, and inexpensive trial of actions at law in county courts.").

4

other bad faith and inequitable conduct through its relentless litigation tactics, all to the prejudice of Path Medical and its creditors.

7.       State Farm's argument is improper because it attempts to smuggle in an alternative stay motion even though the Federal Rules of Bankruptcy Procedure require that to be raised by initiating an adversary proceeding – not through an opposition to an unrelated motion. *See. Fed. R. Bankr. P.* 7001(7); *see also, e.g., In re Cochran*, 164 B.R. 366, 370 (Bankr. M.D. Fla. 1994) ("Injunctive relief can only be sought by an adversary complaint pursuant to F.R.B.P. 7001(7)") (denying relief because "[n]o such adversary complaint was filed … nor were the respondents put on any other notice that such relief would be requested").  The conceit of State Farm's Opposition is that the PIP Suits should be stayed pending resolution of the Middle District Action because *if State Farm wins* on its declaratory judgment claim (the "DJ Claim") in that action, then the collateral effects of that result might moot the PIP Suits.[6]  Opp. ¶ 32.

8.       What State Farm is advocating is known as prohibited "procedural fencing," that is, trying to use a federal declaratory judgment action to obtain a federal hearing on state law claims that are not otherwise removable to federal court; a practice that has been rejected by the Eleventh Circuit.  *See Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir.2005) (federal court should not exercise jurisdiction over a federal declaratory action and should defer to

---

[6] That is simply incorrect.  Each PIP Suit must be decided on its own unique facts. See *Derius v. Allstate Indem. Co*., 723 So. 2d 271, 274 (Fla. 4th DCA 1998) ("Whether a given medical service is 'necessary' under section 627.736(1)(a) is a question of fact for the jury. . . decided by fact-finders on a case by case basis. . .") (emphasis added).  In any event, State Farm artificially elevates the significance of Path Medical's commitment to the correct proposition that each PIP Suit must be heard separately.  Opp. ¶ 30.  This issue is irrelevant to the actual legal questions before the Court on Path Medical's Motion, regarding subject matter jurisdiction and abstention/remand.  State Farm is free to string cite as many of its federal lawsuits as it would like (Opp. ¶ 31), but none move the needle on whether this Court must or should abstain from hearing and remand 35 state law small claims suits back to the various Florida county courts in which they were filed.  In fact, State Farm's citations to its prior victories in District Court support Path Medical's arguments on remand as none of those cases involved a removal and stay of county court PIP Suits, but State Farm clearly received a fair shake in those cases in which it prevailed on its federal declaratory remedy.

5

a "subsequently filed parallel state court action" when the federal "declaratory remedy is being used merely for the purpose of 'procedural fencing'—that is, to provide an arena for a race for res judicata or to achieve a federal hearing *in a case otherwise not removable*…") (emphasis added).[7]

9. If the Court were to endorse State Farm's highly speculative proposal, both Path Medical and the creditors of the Debtors' estates would be significantly prejudiced. If State Farm does not prevail on its DJ Claim that has yet to make it past the pleadings stage after a year of litigation, but this Court has retained jurisdiction of and stayed the proceedings related to the PIP Suits, then creditors will be compelled to wait an additional year or longer before the Debtors can revive their efforts to recover additional assets for them, during which time the wasting PIP insurance benefits at issue in the PIP Suits may be completely exhausted by other third-party claims against the policies. State Farm cites no bankruptcy court case that permits it to try to pull off what it is asking this Court to do in the context of adjudicating pending PIP Suits against an insurer.[8] Although State Farm implores the Court "to determine the most fair and efficient way to resolve" (Opp. ¶ 6) not only the PIP Suits that it has removed to this Court and others, but also the

---

[7] *See also Gold-Fogel v. Fogel*, No. 20-14310, 2021 WL 4891426, at *4–5 (11th Cir. Oct. 20, 2021) (positively citing *Ameritas* on this point; "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment."); *see also Path Medical LLC v. GEICO Indemnity Company,* Case No.: 18-60850 (S.D. Fla. April 23, 2018) (remanding, as insurer's federal declaratory judgment action did not provide basis to aggregate clinic's PIP suits to reach $75,000 diversity jurisdiction threshold); *and see Path Medical, LLC v. Geico Indemnity Co.,* No. 18-CV-60759-CMA, Order Remanding PIP Suit and Awarding Fees [ECF No. 26] filed June 21, 2018 (S.D. Fla. 2018) ("The Court finds [auto insurer] 'lacked an objectively reasonable basis for seeking removal.'").

[8] State Farm's reliance on a district court injunction case of first impression from the Eastern District of New York (Opp. ¶ 8), that seemingly relied upon newspaper articles and applied another state's "no-fault" insurance law that permits insurance claims **up to $50,000.00** is sorely misplaced and should not be seriously considered by this Court. State Farm knows that decision is not controlling or persuasive, and that it was rejected by this District Court in 2020. *See State Farm Mut. Auto. Ins. Co. v. Cereceda*, Case No. 19-CV-22487-SMITH/LOUIS, Order Denying State Farm an All-Writs Injunction [ECF No. 106] filed March 16, 2020 (S.D. Fla. 2020) ("drastic approach [] for this [federal] Court to enjoin Defendants [i.e. plaintiffs in county court] from filing all future PIP suits without even a determination that any fraudulent activity has occurred as alleged.").

Middle District Action that is not the subject of the Motion, the Court need not – and cannot – make such a determination on the Motion before it.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction Over The Improperly Removed PIP Suits.

10. The fact that the PIP Suits will not affect the administration of the Debtors' estates (*see* Motion ¶¶ 28-30) supports a finding that this Court does not have "related to" subject matter jurisdiction over these proceedings in the first place.  Two distinct elements are required: "[a]n action is related to bankruptcy if [1] the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and [2] which in any way impacts upon the handling and administration of the bankrupt estate." *Matter of Lemco Gypsum, Inc.*, 910 F.2d 784, 788 (11th Cir. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis added)).  "The second component of this analysis … looks to how the action fits into the overall insolvency proceeding." *In re Brit. Am. Ins. Co. Ltd.*, 488 B.R. 205, 223 (Bankr. S.D. Fla. 2013). "A controversy the resolution of which may have only speculative, indirect or incidental effect on the estate is unrelated to the bankruptcy case for purposes of … 28 U.S.C. § 1334(b)." *In re Inn On The Bay, Ltd.*, 154 B.R. 364, 367 (Bankr. S.D. Fla. 1993).

11. The second element is missing here.[9]  Moreover, the "speculative" or "incidental" nature of the effects of the PIP Suits on the Debtors' estates increases every day as State Farm's

---

[9] State Farm fundamentally obscures the nature of the PIP Suits when it suggests there would be a "wasteful" effect on the administration of the Debtors' estates if the cases were tried in the county courts.  Opp. ¶ 40.  To the contrary, the county courts are decidedly the more efficient fora for the PIP Suits in terms of their impact on the administration of the Debtors' estates.  The county courts where the PIP Suits were filed are situated in the various counties throughout the State where the accidents, the patients, and their treating providers (many not from Path Medical) are located.  In county court, the PIP Suits are also litigated by contingency-fee counsel, and Path Medical need not pay bankruptcy counsel to prosecute such actions.  Finally, the county courts have original – and exclusive – jurisdiction over PIP Suits.  *See Fla. Stat. s. 34.01(1)(c)*; *DNA Ctr. For Neurology & Rehab. v. Progressive Am. Ins. Co.*, 13 So.3d 74, 75 (Fla. 5th DCA 2009) (holding PIP suit is within the exclusive jurisdiction of the county court).

dilatory tactics continue to prevent Path Medical from litigating the PIP Suits to collect finite and exhausting insurance benefits, a limited asset pool that may well be wasted before Path Medical wins any judgments. *See* Motion ¶¶ 55-56.  The fact that State Farm hypothetically might end up with judgment against Path Medical that is beyond insurance coverage simply means that the distribution to unsecured creditors would be diluted.

12.     State Farm resorts to rhetoric calling Path Medical's position on jurisdiction "extraordinary" (Opp. ¶ 38), but doing so does not change the plain meaning of the language used by the Circuit Courts, including the Eleventh Circuit.  Courts have rejected allegations of "related to" jurisdiction over prepetition state court claims even where "a judgment in [debtor's] favor may be expected to inure to the benefit of the debtor estate" so long as "there could be no conceivable detriment to the administration of the bankruptcy estate"  *176-60 Union Tpk., Inc. v. Howard Beach Fitness Ctr., Inc.*, 209 B.R. 307, 313–14 (S.D.N.Y. 1997) (finding no "related to" jurisdiction because there would be no detriment to administration of bankruptcy estate where state court defendant had not filed a claim against the bankruptcy estate – just as State Farm has not done here).  What would be extraordinary is if a federal bankruptcy court seized control of state court claims under a specialized state court statute that may only be heard in specialized state courts of limited jurisdiction.

**II.     The PIP Suits Will Be Timely Adjudicated In The County Courts And This Court Must Abstain From Hearing Them Pursuant To 28 U.S.C. § 1334(c)(2).**

13.     State Farm concedes that every element of mandatory abstention is met, except that the PIP Suits could be "timely adjudicated" in the County Courts.  Opp. ¶ 44 ("the only disputed element is the ability of state courts to timely adjudicate the PIP Suits").[10]  State Farm improperly

---

[10] In fact, this Court may not have "related to" jurisdiction over the PIP Suits. *Supra.*

focuses on its repeated mantra that it would be more efficient to try the PIP Suits after its federal suit is tried about a year from now. This position speaks volumes.

14. When interpreting the phrase "timely adjudication," courts "have not focused primarily on <u>when</u> the case would be tried but rather on ***whether allowing an action to proceed in state court will have any unfavorable effect on the administration of a bankruptcy case***." *In re United Container LLC*, 284 B.R. 162, 174 (Bankr. S.D. Fla. 2002) (emphasis supplied). Whether the bankruptcy case is a traditional reorganization or a liquidation is important to this assessment; in a liquidation case, "where the primary concern is the orderly accumulation and distribution of assets, the requirement of timely adjudication is seldom significant." *Id.* at 175 (quoting *In re Midgard Corp.*, 204 B.R. 764, 779 (B.A.P. 10th Cir. 1997)); *see also, e.g., In re United Petroleum Grp., Inc.*, 311 B.R. 307, 312 (Bankr. S.D. Fla. 2004) ("[T]he nature of the bankruptcy case is the single most important factor to be considered.") (timely adjudication not significant in Chapter 11 liquidating case).

15. Timely adjudication of the PIP Suits is undoubtedly what will result from remand, but it still is not a significant factor here for the mandatory abstention analysis, because the Debtors intend to sell substantially all of their assets by no later than the first quarter of 2022, and unfortunately, they expect that the proceeds available to distribute to unsecured creditors will be very modest. *In re United Petroleum Grp., Inc.*, 311 B.R. at 312. Moreover, resolution of the PIP Suits is not necessary to confirm a plan. *Cf., id.* ("[T]imely adjudication may be a critical factor if the issue presented in the case must be resolved in order to confirm a plan."). Consequently, allowing the PIP Suits to proceed in the County Courts will not affect the administration of the Debtors' bankruptcy estates, and thus the "timely adjudication" requirement for mandatory abstention is satisfied. *In re United Container LLC*, 284 B.R. at 176.

16. To the extent the Court would like to consider the "timely adjudication" element of mandatory abstention in further detail (which is unnecessary), the other factors that courts have variously considered for assessing adverse effects "on the administration of a bankruptcy estate" (*see* Motion ¶ 42) also support a finding of "timely adjudication" and mandatory abstention here:

   a. <u>*Jury demand*</u>: This factor supports "timely adjudication." Path Medical has demanded a jury trial, and so has State Farm. *See* Motion ¶ 19. State Farm's reliance on *In re Neves*, 500 B.R. 651, 657 (Bankr. S.D. Fla. 2013) to suggest that Path Medical may have waived this right by filing for bankruptcy (Opp. ¶ 48) is entirely misplaced. *Neves* concerned a counterclaim filed by the debtor in an adversary proceeding concerning a core non-dischargeability claim. Moreover, courts in this district confronted with the same procedural posture as the instant Motion – *i.e.*, where the movant seeking remand is the debtor whose bankruptcy case formed the basis for removal of the state court action – have recognized the debtor's right to a jury trial. *In re De Mora*, No. 12-30085-BKC-AJC, 2013 WL 6085969, at *5 (Bankr. S.D. Fla. Nov. 19, 2013).

   b. <u>*Non-consent to entry of final orders by bankruptcy court*</u>: This factor supports "timely adjudication." Path Medical does not consent to the entry of final orders for the PIP Suits by this Court. State Farm's suggestion that Path Medical could engage in expensive and timely motions practice to seek to withdraw the reference (Opp. ¶ 49) supports Path Medical's position; it highlights State Farm's cavalier indifference to additional burdens on the administration of the Debtors' bankruptcy estates by forcing Path Medical to expend time and resources litigating in bankruptcy court that it would not have to expend litigating in the county courts (where its counsel works on a contingency-fee basis) – which is expressly contrary to the interests of the Debtors' creditors.

   c. <u>*Non-complexity of the issues involved*</u>: This factor supports "timely adjudication." The PIP Suits all involve routine state court issues routinely processed by Florida's county courts. State Farm's apparent suggestion that the non-complexity of the issues marshals against mandatory abstention (Opp. ¶ 48) is a misreading of the law. *See, e.g., Hayim v. Goetz (In re SOL, LLC)*, 419 B.R. 498, 508 (Bankr. S.D. Fla. 2009) (finding timely adjudication element of mandatory abstention to be satisfied where the claims were "garden variety state law claims" and "[a]ll of the issues are state court issues that can be resolved by the state court.").

   d. <u>*Whether discovery had been commenced*</u>: This factor supports "timely adjudication." Path Medical filed many of the PIP Suits over half a year before the Petition Date, has served discovery in many of them, and in one instance has filed a motion to compel. *See* Motion ¶ 20 and n.13. State

    Farm has served discovery in several of the PIP Suits as well. Moreover, the discovery procedures in county court are much less complex and costly that those in the federal system.

  e. *Backlog of state and federal court calendars*: This factor is neutral. Although State Farm provides a scattershot list of statistics about the number of state court cases (Opp. ¶ 45), it does not relate those statistics in any meaningful way to the county courts per se, and it offers no comparative statistics for the federal courts. *See In re SOL, LLC*, 419 B.R. at 508 ("Although this Court is aware that the state courts are inundated with foreclosure cases, it is unclear how much quicker the case can be tried in the district court."). Moreover, the irony should not be lost on the Court that while State Farm frets about generic state court delays, State Farm expressly wants to delay the continued prosecution of the PIP Suits *for years*, until the stayed Middle District Action is adjudicated (Opp. ¶ 32), which will occur first through trial, set for almost a year away in September 2022, and then through whatever appeals may follow. On such facts, State Farm cannot credibly argue against the number of days to trial – which, moreover, is an irrelevant consideration in itself when assessing "timely adjudication" for mandatory abstention, particularly in a liquidation proceeding – if the PIP Suits are remanded, as they must be.

  f. *Status of the bankruptcy case*: This factor supports "timely adjudication." Path Medical is on target to conclude the primary purpose of the Bankruptcy Case through an orderly sale of substantially all of its assets within the next few months and the adjudication of the PIP Suits is immaterial to that process and confirmation of a plan. A Notice of Status of the Sale Process will be filed in the Bankruptcy Case in advance of Tuesday's hearing.

17. In sum, in light of the liquidation nature of the Bankruptcy Case and the specific factors iterated above, for the PIP Suits to proceed in the Florida county courts will not adversely affect the administration of the Debtors' estates. Thus, the only contested element for mandatory abstention – "timely adjudication" – is satisfied, and mandatory abstention is required.

### III. In the Alternative, State Farm's Bad Faith and Inequitable Conduct Warrant Permissive Abstention and Equitable Remand.

18. Notwithstanding State Farm's mischaracterizations and misdirection, the factors that courts typically consider under 28 U.S.C. § 1334(c)(1) favor permissive abstention, and equitable remand. *See* Motion ¶¶ 49-56.

19.     State Farm asserts that "it will be more efficient to adjudicate the PIP Suits in a single forum."  Opp. ¶ 56; *see also, id.* ¶ 32.  That statement ignores that Path Medical has a team of contingency fee lawyers skilled at prosecuting these cases in county courts, with little or no federal court experience.  It is also speculative at best, and is belied by the fact that State Farm seeks a stay of the PIP Suits pending resolution of the Middle District Action – which is not scheduled for trial until September of 2022, many months after the Bankruptcy Case will be resolved through a sale of the Debtors' assets.  Staying the PIP Suits until months after the Bankruptcy Case is mostly concluded is not efficient adjudication.  Moreover, even setting aside that delay, in enacting the Bankruptcy Code, Congress did not envision a bankruptcy court sitting as a "federal county court" trying 36 PIP collection lawsuits (plus hundreds more to come) each seeking less than $10,000 in damages.  This Court cannot try these jury trial cases in any event.

20.     State Farm denies forum shopping (Opp. ¶ 56), but the facts speak for themselves.  State Farm's Opposition seeks an indefinite stay of the PIP Suits "pending an adjudication of" the stayed Middle District Action (Opp. ¶ 32), which is *the exact relief that State Farm was already seeking* in the County Court but feared it would lose. State Farm had two fully-briefed motions to stay two of Path Medical's PIP Suits scheduled for hearing in September.  But, in August, it received a six-page, well-reasoned and heavily annotated adverse ruling on a nearly identical stay motion in another PIP Suit against another PIP provider.  *See* Doc. 6-1 (copy of order denying State Farm's motion to stay in Lake Cty. Case No. 2020-CC-004528).  Realizing it was unlikely to prevail on its motions to stay Path Medical's PIP Suits, it removed those two PIP Suits to this

Court on the night before the hearing. This highlights State Farm's bad faith in filing the Removal Notices,[11] and that State Farm's true intentions were to forum shop and delay.

21. State Farm is also mistaken that "the Debtors will suffer no prejudice in trying the PIP Suits in a single forum." Opp. ¶ 56. Not only does that ignore the ongoing exhaustion of the finite PIP benefits at issue as the PIP Suits are further delayed through procedural gamesmanship, but there are also efficiency losses with such a proposal, and there would be significant prejudice to the Debtors and inconvenience to witnesses from having to try all of the PIP Suits in a single venue in Fort Lauderdale. The PIP Suits and those yet-to-be filed involve patients who sought medical services from Path Medical at its various offices throughout the State, from Jacksonville to South Miami. One action was filed in Orange County and State Farm removed it to the Bankruptcy Court for the Middle District of Florida.[12] The witnesses needed for trial are dispersed across various regions, and would be burdened by travel, or it would be unfair to force Path to rely upon deposition testimony. Furthermore, Path Medical and its creditors would be prejudiced by the significant additional costs of adjudicating the PIP Suits in a federal forum. Path Medical's county court counsel works on a contingency-fee basis premised on litigating in county court; its bankruptcy counsel does not.

---

[11] The timing of State Farm's Removal Notices underscores its bad faith, notwithstanding its flippant attempt to downplay those facts. State Farm professes to have filed the Removal Notices within "thirty-day deadline imposed by 28 U.S.C. § 1446, rather than the ninety-day deadline in Bankruptcy Rule 9027 … [o]ut of an abundance of caution." Opp. ¶ 41, n. 27. Yet State Farm filed only two Removal Notices almost a week *before* the 30-day deadline of Section 1446 – those two Removal Notices correspond to the two PIP Suits that were scheduled for stay motion hearings in the County Court the following morning.

[12] Path Medical has filed a motion to remand that case and the judge also has entered an order transferring venue to this Court (pursuant to the parties stipulation that reserved all rights and defenses), but the time for appeal not yet expired so this PIP Suit has not yet found its way to this Court.

22.     Moreover, although State Farm admits that comity favors permissive abstention and equitable remand (Opp. ¶ 56),[13] it seeks relief that flaunts comity, by attempting to use the federal bankruptcy court to make an end run around the express Florida statutory restrictions on where and how PIP Suits are tried. The PIP Suit claims are state law claims that arise under a special statutory scheme that narrowly circumscribes the set of state courts in which such claims may be heard (the county courts).[14] Under no circumstances outside of bankruptcy could State Farm ever have sought to remove a PIP Suit to a federal forum. This Court should not condone its attempt here.

## CONCLUSION

23.     In sum, the Court may not have subject matter jurisdiction over the improperly removed PIP Suits in the first instance, and even if it does, the conditions for both mandatory and permissive abstention and equitable remand are satisfied. All of this compels the result that the Court return the PIP Suits to the county courts in which Path Medical filed them, where they may be adjudicated without further delay before the assets that Path Medical seeks to recover from State Farm are exhausted by other claimants on the insurance policies at issue in the PIP Suits. Path Medical respectfully requests that the Court promptly enter an order: (a) remanding the PIP Suits for lack of subject matter jurisdiction, or, in the alternative, (b) remanding the PIP Suits pursuant to 28 U.S.C. § 1442(b) due to mandatory abstention, permissive abstention, or equitable

---

[13] The only claims in the PIP Suits are state law claims that arise under a special statutory scheme that narrowly circumscribes the set of state courts in which such claims may be heard to the county courts, and just this year the Florida Legislature further circumscribed the fora for PIP Suits by enacting legislation that removes jurisdiction from Florida's district courts to hear PIP Suit appeals. *See* Motion ¶¶ 32, 56; *see also* ch. 2020-61, Laws of Fla., § 3 (amending § 26.012, Fla. Stat.) (eff. Jan. 1, 2021).

[14] The Florida Legislature recently further circumscribed the forum for PIP Suits by enacting legislation that removes jurisdiction from Florida's district courts to hear PIP Suit appeals. *See* Motion ¶¶ 32, 56; *see also* ch. 2020-61, Laws of Fla., § 3 (amending § 26.012, Fla. Stat.) (eff. Jan. 1, 2021).

grounds due to State Farm's bad faith removal, (c) awarding Path Medical attorneys' fees and costs[15], and (d) granting such other and further relief as the Court deems just and proper.

Dated:  October 31, 2021                    Respectfully Submitted,

                                                                 */s/ Mark J. Wolfson*
                                                                 Mark Wolfson (FBN 0352756)
                                                                 Primary email: mwolfson@foley.com
                                                                 Secondary email: crowell@foley.com
                                                                 FOLEY & LARDNER LLP
                                                                 100 North Tampa Street, Suite 2700
                                                                 Tampa, FL  33602-5810
                                                                 Telephone:  813.229.2300
                                                                 Facsimile:  813.221.4210

                                                                *Special Counsel for Debtors*

---

[15] The Court can grant entitlement to attorney's fees and costs and set a separate hearing as to amounts.